UNITED STATES DISTRICT COURT
ESTERN DISTRICT OF TEXAS
TYLER DIVISION

OLIVIA LEVOY,

    Plaintiff,

CASE NO: 6:14-CV-106

vs.

TYLER JUNIOR COLLEGE,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Olivia Levoy, ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues Tyler Junior College, for injunctive relief, attorney's fees and costs pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973 and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, (hereinafter referred to as the "ADA") 42 U.S.C. '' 12131-12134, and its implementing regulation, 28 C.F.R. Part 35, as well as ' 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. '701 *et seq.* ("the Rehabilitation Act"). This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Texas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Texas.

3. Plaintiff, Olivia Levoy (hereinafter referred to as "Levoy") is a resident of Texas and is a qualified individual with a disability under the ADA. Levoy suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from spinal muscular atrophy type three and requires the use and requires a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action, Levoy personally availed herself of the Defendant's programs and services and attends the Defendant's facility as a student, namely the Tyler Junior College, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA and more specifically, the barriers to access listed in Paragraph 22, below, that she personally encountered. Levoy continues to desire to avail herself of the programs and services of the Defendant and continues to desire to attend the TJC campus but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Tyler Junior TJC (hereinafter referred to as "TJC") is a junior college organized and existing pursuant to the laws of the State of Texas

and is public for the purpose of operating a junior college in Smith County, Texas. Upon information and belief, TJC is the operator, owner and/or lessee of the programs and services offered by TJC as well as the facilities, real properties and improvements which are the subject of this action, namely the Tyler Junior TJC located at 1328 S. Baxter Avenue, in Tyler, Texas (hereinafter referred to as the "College").

5. All events giving rise to this lawsuit occurred in the Eastern District of Texas.

**COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6. Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1-5 as if expressly contained herein.

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

8. In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

9. "Public entity" is defined as "any state or local government" or "any department, agency…..of a state…..or local government." 42 U.S.C. § 12131(1)(A) and (B).

10. Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others 28 C.F.R. §35.160(a).

11. Discrimination occurs when a person with a disability is "excluded" from participation in or [is] denied the benefits of the services, programs or activities of a public entity…" 42 U.S.C. § 12132.

12. The U.S. Department of Justice ("DOJ") has promulgated federal regulations to implement the ADA.  In addition, the ADA Accessibility Guidelines ("ADAAG") establishes the standards to which public entities must conform in order to comply with the ADA. The ADAAG (ADA Standards for Accessible Design, 36 CFR Part 1191, Appendices B and D)[1] applies to the Defendant's facilities at issue in this matter, regardless of whether they are of new or old construction, since removal of these barriers described herein are readily achievable and not unduly burdensome within the meaning of the ADA. 42 U.S.C. §§ 12134(c) and 12204.

13. Defendant was required to have completed structural changes in its facilities over eighteen years ago, and, in any event, no later than January 26, 1995.

---

[1] Plaintiff recognizes that compliance with the earlier version of ADAAG codified at 28 CFR Part 36, Appendix A can provide safe harbor to the Defendant with regard to the new ADAAG in effect as of March 15, 2012.  However, with respect to the specific barriers to access alleged in Paragraph 22, herein below, Plaintiff asserts the Defendant has not complied with either the old 1991 ADAAG or the new version cited herein and the failure to do so has rendered many programs, services and activities offered by Defendant at the TJC (perhaps all of them) inaccessible to wheelchair users such as Plaintiff.

Defendant has failed to complete the required structural changes to achieve equal program, service or activity access to the College.

14. Defendant has known for at least twenty years of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes. Defendant has arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject facilities by the January 26, 1995 date as mandated by federal law.

15. Defendant's failure to have fully implemented all structural modifications at the college has denied and continues to deny Plaintiff full, safe and equal access to Defendant's programs, services and activities that are otherwise available to persons without disabilities at the subject facilities.

16. Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of her disability. Defendant directly participated in or acquiesced in the conduct or acts of omission described in this Complaint. Defendant's discrimination against Plaintiff solely on the basis of her disability has been, and continues to be, arbitrary, knowing and intentional.

17. Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28 C.F.R. §35.149-150. It is the

burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion" 28 C.F.R. §35.150(a)(3). Defendant cannot meet this burden.

18. Plaintiff was subjected to discrimination when she attempted to access the facilities and avail herself to the programs and services offered at and by Defendant. Plaintiff continues to desire to return and therefore will continue to suffer discrimination by Defendant in the future as the violations and lack of equal and safe access to the programs, services and facilities at the subject facilities continues to exist.

19. Defendant has discriminated against Plaintiff by denying her full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to remove architectural barriers pursuant to 28 CFR §§35.150 and 35.151.

20. Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or

accommodations at the subject facilities in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq*

21. Plaintiff has been subjected to discrimination and has suffered an injury in fact due to the lack of wheelchair accessible facilities, accessible seating, routes, and toilet rooms.

22. Defendant is in violation of 42 U.S.C. § 12101 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against Plaintiff due to the following violations, *inter alia*:

### Student Center

(i) There are two accessible parking spaces provided in the student parking center lot which are too few to meet the requirements of program access;

(ii) The accessible parking signs are not directly in front of the accessible spaces and the cross slopes are excessively steep;

(iii) Within the student center, several public spaces and classrooms have knob type hardware provided on the doors which require tight grasping, pinching and twisting of the wrist to operate;

(iv) At the women's toilet room on the ground level there is no accessible signage provided for the women's toilet room;

(v) On the second and third level of the women's and men's toilet room only have ambulatory accessible stalls with sides and rear grab bars;

(vi) Pipes are not insulated beneath the lavatory to prevent burning;

(vii) Insufficient knee clearance is provided under the lavatories for a wheelchair user;

(viii) Going into the student center on the ground level from the accessible parking currently provided, there is no level area at the primary door or at the secondary door in the vestibule necessary for a wheelchair user to enter independently.  The doors are also too heavy for wheelchair users to access programs within.

### **Library**

(ix) At the library on the ground level, the accessible parking spaces provided have excessive running slopes;

(x) Within the library on the ground level, the accessible toilet room has a door that swings into the toilet room making it unusable to a wheelchair user;

(xi) Many of the study carrels have insufficient knee clearance underneath for a wheelchair user;

### **Conservatory Building**

(xii) In the women's toilet room there is no clear floor space on the pull side of the door necessary for a wheelchair user to exit the toilet room;

(xiii) the accessible toilet stall is too small for a wheelchair user;

(xiv) the coat hook is too high for a wheelchair user;

### **Financial Office**

(xv) On the ground floor, there are 6 stalls provided with no ambulatory accessible stall provided and the coat hook is too high in the accessible stall for a wheelchair user.  Also the door is too heavy for a wheelchair user;

(xvi) On the second floor in the accessible toilet room the door is too heavy;

### **Genecov Building**

(xvii) Near the drinking machines located in the basement level at the women's toilet room there is no accessible signage;

(xviii) There is no clear floor space on the pull side of the door when exiting the toilet room;

(xix) There is no wheelchair accessible stall provided;

(xx) Pipes beneath the lavatory are not insulated to prevent burning;

(xxi) Insufficient knee clearance is provided under the lavatories for a wheelchair user;

(xxii) Mirrors, soap and paper towel dispensers are too high for a wheelchair user;

(xxiii) At the upper entrance of the Genecov building that is the closest to the Student Center, the handrails on the ramp that leads to the entrance do not continue on the level landing on the top and bottom;

**Drinking Fountains**

(xxiv) Several drinking fountains throughout campus do not provided knee clearance for wheelchair users and no directional signage is provided to the nearest accessible drinking fountain;

**Ramps**

(xxv) Leading down to the bookstore and dining in the cafeteria there are two ramps one on each side of the stairs. There is no directional signage from the stairs indicating the direction of the accessible ramp;

(xxvi) Each ramp only has one handrail and each handrail on the ramp is too low;

**Cafeteria**

(xxvii) The doors leading into the cafeteria are too heavy for a wheelchair user;

(xxviii) There is no wheelchair accessible seating provided in the cafeteria;

(xxix) Some food items are out of reach for a wheelchair user;

(xxx)  Vending machines have operating controls that are out of reach ranges for wheelchair users;

**Book Store**

(xxxi) The doors are too heavy for a wheelchair user;

**Walter Wise and Emma Wise Cultural Arts Center**

(xxxii)  On the ground level the women's accessible toilet room does not have sufficient maneuvering clearance on the pull side of the door for a wheelchair user to exit the stall area;

(xxxiii) The light switch is too high for a wheelchair user;

(xxxiv) There is no accessible signage provided at the toilet room;

(xxxv)  The doors into the this toilet room, both into the vestibule and into the stall area, are too heavy for a wheelchair user;

(xxxvi)  The front doors to the Cultural Arts Center are too heavy;

(xxxvii)  Within the Cultural Arts Center the box office windows are too high for a wheelchair user;

(xxxviii)  In the theater there is no access onto the stage for a wheelchair user;

(xxxix)  On the second floor the women's toilet room by the elevator, there is no clear floor space on the pull side of the door necessary for a wheelchair user to exit the toilet room;

(xl)  The soap dispenser is too high for a wheelchair user;

(xli)  There is no wheelchair accessible toilet stall provided;

**Jenkins Hall**

(xlii)  At both entrances of Jenkins Hall the doors are too heavy to access and they are not attended on a regular basis;

**Health & Physical Education Hall**

(xliii) The checkout counter for equipment rental is too high for a wheelchair user;

(xliv) At the women's toilet room near this counter the door is too heavy for a wheelchair user;

(xlv) There is no accessible signage provided at this toilet room;

(xlvi) There is insufficient knee clearance under the lavatories for a wheelchair user;

(xlvii) the accessible stall provided is too small for a wheelchair user;

(xlviii) Through the campus there is insufficient directional signage indicating the location of accessible parking lots, accessible toilet rooms and the direction of accessible routes throughout the campus. This can pose a serious problem as students may roll a great distance only to find steps to the building they need to access or the lack of other accessible features necessary to provide program access.

23. There are other current barriers to access and violations of the ADA at the TJC which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations and barriers to access be identified.

24. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by TJC pursuant to 42 U.S.C. § 12205.

25. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject programs,

services and facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against TJC and requests the following injunctive and declaratory relief:

A. That the Court declare that the programs, services and facilities owned, operated and administered by Defendant, are violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

## **COUNT II – VIOLATION OF THE REHABILITATION ACT**

26. Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 5 of this Complaint.

27. As more fully described above, Plaintiff is an individual with a

disability.

28. Furthermore, the Plaintiff is a Texas resident who does or would like to frequent the subject facilities that are currently inaccessible as described above and herein, and is otherwise qualified to use and enjoy the programs, services and benefits provided by Defendant in the Tyler Junior College, including but not limited to the Tyler Junior College facilities.

29. Defendant's acts and omissions that result in unequal access to the programs, services, facilities and activities provided by Defendant as alleged herein are in violation of Section 504 of the Rehabilitation Act as codified in 29 U.S.C. § 794 *et seq.*, and the regulations promulgated thereunder which are codified in 34 C.F.R. § 104 *et seq.* Defendant is the direct recipient of federal funds sufficient to invoke the coverage of Section 504, and is unlawfully and intentionally discriminating against Plaintiff on the sole basis of the disabilities of Plaintiff.  Upon information and belief, the programs, services and activities at issue in this cause at the College have benefited from federal financial assistance.

30. Solely by reason of disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full, safe and equal access to the services offered by Defendant.

31. Defendant is in violation of Section 504 of the Rehabilitation Act, as

amended, 29 U.S.C. §794 and is discriminating against the Plaintiff due to the violations detailed in paragraph 22 above, which are incorporated herein by reference.

32. Upon information and belief, there are other current violations of the Rehabilitation Act in TJC and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiff demands judgment against TJC and requests the following injunctive and declaratory relief:

- A    That this Court accept jurisdiction of this case and declare that the programs, services and facilities owned, operated and administered by TJC are discriminatory and are violative of the Rehabilitation Act;

- B.    That the Court enter an order requiring TJC to alter its programs, services and facilities to comply with federal law and regulations to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

- C.    That the Court enter an order directing TJC to evaluate and neutralize its policies, practices, and procedures toward individuals with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

- D.    That the Court enter an order mandating that TJC undertake a self-evaluation and that such evaluation contain a description of all of Defendant's programs, services and facilities; a review of all policies and practices that govern the administration of such programs, services and facilities; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

- E.    That the Court enter an order mandating TJC to expeditiously make all reasonable and appropriate modifications in its policies, practices

and procedures, provide effective signage, remove all architectural barriers that would not cause an undue financial or administrative burden or cause a fundamental alteration to the program or activity, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the subject facilities;

F. Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiff;

G. Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court and awarding such other, further or different relief, as the Court deems necessary, just and proper.

Dated this 14th day of February 2014.

                Respectfully submitted,

                By: /s/ Edward I. Zwilling
                     Edward I. Zwilling, Esq.
                     Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, AL 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com